# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES HOLT,**
        **Plaintiff,**

      **v.**                                                                **Case No. 03C0627**

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**
        **Defendant.**

## DECISION AND ORDER

Pro se plaintiff James Holt sues defendant, the United States of America ("the government"), seeking to vacate a default judgment that the government took against him in 1985. In a previous decision in which I denied the government's motion to dismiss, I characterized plaintiff's suit as an independent action under Fed. R. Civ. P. 60(b). Holt v. United States, 221 F.R.D. 485, 487 (E. D. Wis. 2004). The parties have since engaged in discovery, and the government now moves for summary judgment.

### I. BACKGROUND

On March 4, 1982, the government assessed trust fund penalty taxes against plaintiff for the first two quarters of 1978 after concluding that he was a person responsible for collecting and paying over withholding taxes owed by his employer, a Milwaukee nursing home, and that he failed to satisfy such duty. See 26 U.S.C. § 6672. Plaintiff did not pay the taxes assessed, thus, the government sued him seeking to reduce the March 4, 1982 assessment to a judgment. At that time, plaintiff lived at 515 East Fairy Chasm Road in Milwaukee County. Deputy U.S. Marshal Douglas Bachert submits an affidavit

stating that he remembers serving process on Kevin Hall, who identified himself as plaintiff's son. In addition, the government presents a proof of service form in which Bachert contemporaneously stated that he served Hall, that Hall was old enough to accept service, that Hall resided with plaintiff, and that Hall said that he would make sure that plaintiff received the papers. Hall submits a document that is not notarized denying that the deputy marshal served him or that he resided with plaintiff at the time of the alleged service.

On February 19, 1985, the government's lawyer, Jeffrey Snow, mailed plaintiff a copy of the government's application for a default judgment, and on May 17, 1985, Snow mailed plaintiff a proposed order for default judgment. Plaintiff did not respond to the government's complaint or to the notices that Snow sent him regarding the proposed default judgment, and on June 6, 1985, the government took a default judgment against him. Plaintiff states that he did not learn of the lawsuit or the default judgment until sometime between 1985 and 1988. At that time, plaintiff made no effort to vacate the judgment. In January 1999, plaintiff learned that as the result of the judgment, the government held a lien against him. However, plaintiff still took no action until June 2003 when he brought the present action. In his initial complaint, plaintiff did not mention that the government did not serve him, but after the government moved to dismiss, he amended his complaint to add that allegation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." <u>Id</u>.

The moving party has the initial burden of demonstrating that it is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once this burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. <u>Id.</u> at 322-23. Neither party may rest on mere allegations or denials in the pleadings, <u>Anderson</u>, 477 U.S. at 248, or upon conclusory statements in affidavits, <u>Palucki v. Sears, Roebuck & Co.</u>, 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." <u>Bank Leumi Le-Israel, B.M. v. Lee</u>, 928 F.2d 232, 236 (7th Cir. 1991). In sum, a "district judge faced with such a motion must decide, subject of course to plenary appellate review, whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict. If not, the motion should be granted and the case dismissed." <u>Palucki</u>, 879 F.2d at 1572-73.

3

### III.  DISCUSSION

In order to prevail in an independent action under Rule 60(b), plaintiff must establish that he was the victim of a "grave miscarriage of justice."  United States v. Beggerly, 524 U.S. 38, 47 (1998).  The Supreme Court suggested that such a miscarriage might occur where a party obtained a judgment by means of a forged document.  Id.  The circuit courts have generally required a plaintiff to prove fraud in such actions.  See, e.g., Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1998); Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir. 1995); Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989); Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). Specifically, most circuits hold that a plaintiff must establish fraud upon the court.  See, e.g., Wilson, 873 F.2d at 872; Travelers Indem. Co., 761 F.2d at 1551; cf. Geo. P. Reintjes Co., 71 F.3d at 48 (stating that a plaintiff may not need to prove fraud on the court but must establish more than common law fraud).  Fraud on the court involves intentionally preventing a judge from performing the task of impartially adjudicating disputes.  Kenner v. Commissioner, 387 F.2d 689, 691 (7th Cir. 1998).

Regardless of whether plaintiff must establish fraud on the court or merely a variation of common law fraud, he fails to satisfy his burden.  Based on the evidence in the record, no reasonable jury could conclude that when the government obtained its judgment against plaintiff it committed any type of fraud.  Nor could a reasonable jury conclude that plaintiff was the victim of a miscarriage of justice.  In fact, plaintiff fails to present evidence that in obtaining judgment against him, the government was guilty of any impropriety.

In order to establish fraud, plaintiff would have to show that Deputy Marshal Bachert intentionally falsified the return of service form and his affidavit stating that he served Hall. Plaintiff does not meet this burden. Plaintiff offers only Hall's unsworn statement denying that he was served. In addition to being unsworn, Hall's statement is conclusory and uncorroborated. "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955)). An affidavit that merely denies service does not overcome a signed return of service because, if it did, it "would be totally contrary to the presumption that a return of service is prima facie evidence of service, and would thereby render the return of service all but meaningless." Trs. Of Local 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 52 (N.D. Ill. 1989). Thus, plaintiff not only fails to present enough evidence from which a reasonable jury could infer fraud, he also fails to present enough evidence from which a reasonable jury could conclude that Bachert was mistaken in stating that he served Hall. Therefore, I must grant the government's motion for summary judgment.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 29 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge